■ In the Matter of EDWARD H. SEITELMAN, Petitioner, v. ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.— Determination of respondent State Commission of the Department of Social Services, dated March 14, 1973, affirming, after a fair hearing, the decision of respondent New York City Department of Social Services denying petitioner's application for a public assistance grant under the aid to the disabled program (Social Services Law, § 301, *et seq.*), unanimously annulled, on the law, without costs and without disbursements. The petition is granted only to the extent of directing respondents to grant such public assistance to petitioner; and is dismissed insofar as it requests like relief for others alleged to be similarly situated. Petitioner, who is mentally retarded, was born on November 22, 1950, and resided with his parents in New York City until 1969, when he entered the Vineland, New Jersey, Training School Unit of the American Institute for Mental Studies. From July, 1969 until June 30, 1972, the end of the school year during which he reached his 21st birthday, petitioner received financial assistance pursuant to section 4407 of the Education Law. Petitioner, no longer eligible for assistance under the Education Law, then sought aid, through his parents, under section 303 (subd. 4, par. [a]) of the Social Services Law. The City Department of Social Services rejected petitioner's application on the grounds that he had adequate resources to meet his immediate needs, that he was not a New York resident and that he was not then residing in an appropriate facility "presently approved, licensed or operated by the State Department of Mental Hygiene". The State Commissioner affirmed on the grounds that petitioner, by reason of his attendance at Vineland for more than three years, was no longer a New York resident and that said institution had not been licensed or approved as required by subdivision 4 of section 303 of the Social Services Law. On this proceeding respondents no longer press their earlier contentions as to petitioner's adequate resources and nonresidence. Instead, they urge that it was not arbitrary for them to require retarded persons applying for aid to the disabled to enter an approved institution in this State rather than an out-of-State facility. On the record before us, we believe that it was. Aside from the fact that we find no statutory authority requiring petitioner to seek placement in a local facility before applying to an out-of-State institution, respondents can name no approved New York State facility willing to accept petitioner unconditionally. Instead, they rely on data furnished by petitioner's father to the effect that (other than

Vineland) only one school within 125 miles of New York was willing to accept petitioner; and then only on a three-month trial basis with no assurance of retention after such period. With respect to the issue of Vineland's "approval", respondent State Commissioner has conceded the receipt of advice from the State Department of Mental Hygiene that the Commissioner of Mental Hygiene "is prepared to approve such out-of-state facilities that are approved by the suitable licensing authority in the state under consideration". There is no dispute regarding Vineland's accreditation by appropriate New Jersey authorities. Accordingly, under all of the circumstances here presented, petitioner's application for assistance should be granted. However, since each application must be determined on its own merits and each person aggrieved by respondents' actions is entitled to seek his own remedy, we do not believe a class action is maintainable in the instant situation. Concur — Nunez, J. P., Murphy, Lane, Tilzer and Capozzoli, JJ.